## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:18-CV-00119-LLK

THOMAS L. OILER                                                                    **PLAINTIFF**

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's memorandum in support of motion for judgment on the pleadings is at Docket # 17-1; the Commissioner's responsive fact/law summary is at Docket # 20; and the matter is ripe for determination. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 14.)

The Administrative Law Judge (ALJ) denied Plaintiff's disability claim at the fifth and final step of the sequential evaluation process based on a finding that he retains the ability to perform a significant number of jobs in the national economy such as light bench assembler, information clerk, and office helper. (Administrative Record (AR) at 27.) Plaintiff presents two arguments – the first based on his mental limitations and the second based on his physical limitations.

Because neither argument is persuasive and the ALJ's decision is supported by substantial evidence in the administrative record, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Plaintiff's first argument

Regarding his mental limitations, on February 9, 2016, psychologist Greg V. Lynch, Ph.D., examined Plaintiff at the request of the Commissioner. (AR at 659-66.) Dr. Lynch concluded that Plaintiff is "slightly" limited in three functional areas:

[1] The claimant's capacity to understand, remember, and carry out instructions towards performance of simple repetitive tasks seems affected by the impairment with slight limitations noted.  [2] His ability to tolerate stress and pressure of day-to-day employment seems affected by the impairment with slight limitations noted.  … [3] His capacity to respond appropriately to supervision, coworkers, and work pressures in a work setting seems affected by the impairment with slight limitations noted.

(Ex. 17F) (AR at 665.)  In his written decision, the ALJ stated that "I give great weight to this assessment [i.e., Ex. 17F]."  (AR at 25.)

Plaintiff's first argument is that the ALJ's "RFC [residual functional capacity] determination is not supported by substantial evidence as the ALJ failed to incorporate mental limitations from an opinion [from Dr. Lynch] [which the ALJ stated he had] given great weight."  (Docket # 17-1 at 10) (referring to Dr. Lynch's findings at AR 665 and the ALJ's decision at AR 25.)

Admittedly, the ALJ's RFC finding (finding no. 5) contains no mental limitation.  (AR at 22.)  Nevertheless, a vocational expert's testimony in response to hypothetical questions may serve as substantial evidence supporting an ALJ's fifth-step denial decision -- so long as the questions accurately portray the Plaintiff's actual physical and mental limitations.  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).  However, in formulating hypotheticals, an ALJ is not obliged to include unsubstantiated complaints, and generally must incorporate only those limitations the ALJ deems to be credible.  *Blankenship v. Comm'r*, 624 F. App'x 419, 428 (6th Cir. 2015) (citation omitted).

In this case, the vocational expert (VE) testified that an individual who is "capable of simple, routine tasks" but may need to be off task (short of requiring special accommodation) up to 5 minutes every hour can perform the jobs of light bench assembler, information clerk, and office helper.  (AR at 54, 57-58.)  Plaintiff cites and the Court finds no authority for the proposition that an individual who is only "slightly" limited in the three functional areas identified by Dr. Lynch (AR at 665) is <u>not</u> "capable of simple, routine tasks" (AR at 54) and/or is <u>not</u> capable of satisfying the requirements of the jobs identified by the VE.  Therefore, Plaintiff's first argument is unpersuasive in light of the vocational testimony.

**Plaintiff's second argument**

Regarding his physical impairments, on May 3, 2016, Plaintiff's treating physician, Marcis A. Craig, completed the Physical Capacities Evaluation form. (AR at 668-69.) Among other things, Dr. Craig found that Plaintiff: 1) Can sit for less than 2 hours total in an 8-hour workday and can stand/walk for less than 2 hours total in an 8-hour workday; 2) Can only occasionally "lift from the floor and carry" up to 5 pounds but never 10 pounds or more; 3) Can only occasionally use his hands/fingers/arms in a competitive work situation; and 4) Would likely require work absences of more than 3 times a month due to impairments/treatment. (Ex. 18F) (AR at 668.) The ALJ gave Dr. Craig's findings (Ex. 18F) "little weight" because they were "not well-cited and [Dr. Craig] notes treatment only for osteoarthritis at the knee." (AR at 25) (referencing AR at 668.) Additionally, the ALJ found Dr. Craig's findings to be "not consistent … with the normal gait findings … as well as the claimant's own testimony." (*Id.*)

Plaintiff's second and final argument is that "the ALJ's RFC [i.e., residual functional capacity determination] is unsupported by substantial evidence, as he failed to follow the treating physician rule in weighing the opinion of Dr. Craig." (Docket # 17-1 at 15) (referencing Dr. Craig's findings at AR at 668). The so-called treating-physician rule provides, in part, that "[g]enerally, we give more weight to medical opinions from your treating sources." 20 C.F.R. § 404.1527(c)(2).

Dr. Craig indicated his findings by placing check marks on a form, with no accompanying explanation. The only explanation Dr. Craig gives is that Plaintiff's diagnosis is "knee OA [i.e., osteoarthritis]" and that his prognosis is "had TKR [i.e., total knee replacement]." (AR at 668.) The ALJ properly gave Dr. Craig's findings "little weight" because they were "not well-cited" and lacked supported. (AR at 25.) *See Ellars v. Comm'r*, 647 Fed App'x 563, 566 (6th Cir. 2016) ("[A]dministrative law judges may properly give little weight to a treating physician's check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings.") (citation omitted); *Shepard v. Comm'r*, 705 Fed App'x 435, 441 (6th Cir. 2017) ("[T]he ALJ had good reason to discount Dr. Tanir's opinion," which

"consisted largely of one word answers, circles, and check-marks."); *Hernandez v. Comm'r*, 644 F. App'x 468, 474 (6th Cir. 2016) ("[I]t is nearly impossible to analyze whether [the physician's findings are supported] because [the] check-box analysis is not accompanied by any explanation. …. We have previously declined to give significant weight to rudimentary indications that lack an accompanying explanation.").

**Order**

Because Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

May 16, 2019

**Lanny King, Magistrate Judge**
**United States District Court**